### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ALEXANDER KORDANA,
an individual,

                                            Case No.:

      Plaintiff,

v.

CITIBANK, N.A.,
a national association,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

      Defendants.

_____/

### COMPLAINT

**COMES NOW**, Plaintiff, ALEXANDER KORDANA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, CITIBANK, N.A. (hereinafter, "Citibank"), EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1.      This is an action brought by an individual consumer for damages for Citibank's violations of the Fair Credit Reporting Act, 15 United States Code, Section

1681 *et seq.* (hereinafter, the "FCRA") wherein Citibank improperly credit-reported and subsequently verified its credit reporting of an alleged balance owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Equifax and Experian that was created or allegedly incurred as a result of identity theft and fraud.  More specifically, despite Plaintiff repeatedly advising Citibank that he did not make or consent to the charges incurred on his credit card account, did not authorize the charges, and did not benefit from the purchases made in any way—and after Plaintiff disputed Citibank's reporting of such erroneous information directly to Equifax and Experian— Citibank *continued* to report such account with a fraudulent and significant balance due and past-due.

2.      This is also an action for damages for Citibank's violations of the Florida Consumer Collection Practices Act, Chapter 559 Florida Statutes (hereinafter, the "FCCPA"), wherein Citibank communicated with Plaintiff in an attempt to collect a consumer debt Defendant knew was not legitimately owed by Plaintiff because Citibank knew that the alleged balance was created as a result of identity theft and fraud.

3.      Furthermore, this is an action for damages for Equifax's and Experian's violations of the FCRA wherein Equifax and Experian each continued to incorrectly report Plaintiff as the individual responsible for the alleged balance on the Citibank account after Plaintiff repeatedly disputed and advised that any balance allegedly owed was a result of identity theft and fraud, and after Plaintiff provided information to Equifax and Experian in support of his disputes, including but not limited to a police

2

report and Federal Trade Commission Identity Theft Report ("FTC").

## JURISDICTION, VENUE & PARTIES

4.    Jurisdiction of this Court arises under 28 United States Code, Section 1331, pursuant to the FCRA, 15 United States Code Section 1681, et seq.  The Court has supplemental authority over Plaintiff's FCCPA claims pursuant to 28 United States Code, Section 1367.

5.    Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.    Venue is proper in this District as the acts and transactions described herein occur in this District.

7.    At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

8.    At all material times herein, Citibank is a national association with its principal place of business located at 5800 South Corporate Place, Sioux Falls, SD 57108.

9.    At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

10.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item

of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable

attorneys' fees.  *Id.* at § o.

<u>**FCCPA STATUTORY STRUCTURE**</u>

19.    The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

20.    The FCCPA imposes liability on any creditor/person as well as any debt collector—who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

21.    Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  Fla. Stat. § 559.55(2) (emphasis added).

22.    For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debt and prohibits a person from attempting to collect a consumer debt that is known to be illegitimate. See Fla. Stat. § 559.72(7) and (9).

<u>**GENERAL ALLEGATIONS**</u>

23.    At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCCPA, Section 559.55(8) because she is an individual and allegedly

obligated to pay a debt

24.    At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

25.    At all material times herein, Citibank, itself and through its subsidiaries, regularly extends credit cards—and credit reports debts associated with the same— allegedly owed by consumers residing in Pinellas County, Florida.

26.    At all material times herein, Citibank attempts to collect an alleged balance on a consumer credit card account that was incurred as a result of identity theft and fraud, referenced by account number beginning 5424- (hereinafter, the "Alleged Debt" or the "Account").

27.    At all material times herein, Plaintiff did not make the charges that resulted in the Alleged Debt, did not authorize the creation of the charges, and did not receive the benefit of any good or services as a result of any transactions made creating the Alleged Debt.

28.    At all material times herein, Citibank, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a credit card, on which Citibank assessed finance charges.

29.    At all material times herein, Citibank's conduct, with respect to the Alleged Debt complained of below, qualifies as "communication" as defined by the FCCPA, Section 559.55(2).

30.    At all material times herein, Citibank sent written correspondence to

Plaintiff in an attempt to collect the Alleged Debt.

31.     At all material times herein, Citibank is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

32.     At all material times herein, Citibank furnishes information to Equifax and Experian regarding the Account and the corresponding Alleged Debt.

33.     At all material times herein, Citibank furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

34.     At all material times herein, Equifax and Experian are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax and Experian each disburse such consumer reports to third parties under contract for monetary compensation.

35.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

36.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

37.    In 2003, Plaintiff applied for and obtained a credit card account issued by Citibank.

38.    For over twenty-two (22) years, Plaintiff has used the Citibank credit card account for personal use and has never missed or been late on a payment.

39.    Unfortunately, between approximately January and February 2025, an unknown third-party or third-parties fraudulently used Plaintiff's Citibank credit card account without Plaintiff's knowledge, permission, or consent to purchase overseas travel purchases totaling over $10,000.00.

40.    After Plaintiff learned of the fraudulent charges, Plaintiff disputed the legitimacy of the Alleged Debt directly with Citibank, wherein Plaintiff advised Citibank that he did not make, authorize, or consent to the fraudulent charges made on the Account.

41.    As a result, Citibank knew that Plaintiff did not incur the charges personally, knew that the charges were made from identity theft and fraud, and therefore possessed knowledge that the Alleged Debt was not legitimately owed by Plaintiff.

42.    Citibank continued to send billing statements in an attempt to collect the Alleged Debt from Plaintiff.

43.    Citibank sent the above-referenced billing statements despite Citibank possessing knowledge that the Alleged Debt was not legitimately owed by Plaintiff.

44.    Based upon the monthly statements, fraudulent, unauthorized charges

began taking place in January 2025, including large purchases made in foreign countries.

45.    Plaintiff has never left the United States of America, nor does he even own a passport.

46.    To the extent that charges were made on the Account resulting in an alleged balance due (i.e., the Alleged Debt), Plaintiff did not make any such charges himself, Plaintiff did not authorize any other individual or entity to make charges for themselves or on Plaintiff's behalf, and Plaintiff did not receive the benefit of any goods or services as a result of charges made on the Account.

47.    On July 25, 2025, Plaintiff executed an FTC Identity Theft Report referenced by report number 190449262.

48.    Further, on or about September 5, 2025, Plaintiff filed a police report with the Clearwater Police Department regarding identity theft and the fraudulent charges made on the Account referenced by Case Master Report CW25-144305.

## DEFENDANTS' CREDIT REPORTING OF THE
## ACCOUNT AND PLAINTIFF'S DISPUTES PURSUANT TO THE FCRA

49.    In July 2025, Plaintiff obtained copies of his consumer disclosure reports as maintained by Equifax, Experian, and Trans Union.

50.    As of July 2025, Citibank, Equifax, Experian, and Trans Union reported the Account as owed by Plaintiff personally with a balance due and past-due in an amount over $10,000.00.

51.    On or about July 25, 2025, Plaintiff sent a letter, to Equifax, Experian,

and Trans Union, disputing Defendants' ongoing reporting of the Citibank Account with a balance owed by Plaintiff (hereinafter, "July 2025 Dispute").

52.    More specifically, Plaintiff's July 2025 Dispute advised Equifax, Experian, and Trans Union that the underlying Alleged Debt reported on the Citibank Account did not belong to Plaintiff and requested that Defendants delete all erroneous information from his credit reports and credit files.

53.    In support of his July 2025 Dispute, Plaintiff enclosed a copy of the relevant FTC ID Theft Report and the billing statements showing the fraudulent charges, along with a copy of his driver's license.

54.    Equifax, Experian, and Trans Union received Plaintiff's June 2025 Dispute and conveyed the same to Citibank.

55.    In response to Plaintiff's July 2025 Dispute, Trans Union deleted the Citibank account.

56.    In response to Plaintiff's July 2025 Dispute, Experian deleted the Citibank account.

57.    In response to Plaintiff's July 2025 Dispute, Equifax sent Plaintiff a letter indicating that his July 2025 Dispute was illegible, and thus, they failed to conduct an investigation into Plaintiff's July 2025 Dispute.

58.    As such, on September 4, 2025 ("Equifax Second Dispute"), Plaintiff sent a second dispute letter to Equifax and included the FTC Identity Theft Report, proof of identity, and the billing statement.

59.    In response to Plaintiff's Equifax Second Dispute, Equifax deleted the

Citibank account from Plaintiff's Equifax credit report and file.

60.     Unfortunately, in September 2025, Citibank instructed Experian to reinsert the Citibank account onto Plaintiff's Experian credit report and file.

61.     Therefore, on September 25, 2025, Plaintiff sent a letter to Experian disputing the fraudulent charges and ongoing reporting of the Citibank Account ("Experian Second Dispute").

62.     More specifically, Plaintiff's Experian Second Dispute advised Experian that the underlying Alleged Debt reported on the Citibank Account did not belong to Plaintiff and requested that Defendants delete all erroneous information from his credit report and credit file.

63.     In support of his Experian Second Dispute, Plaintiff enclosed a copy of the Clearwater Police Report and the billing statements showing the fraudulent charges, along with a copy of his driver's license.

64.     Experian received Plaintiff's Experian Second Dispute.

65.     Experian communicated Plaintiff's Experian Second Dispute to Citibank.

66.     In response to Plaintiff's Experian Second Dispute, Experian and Citibank purportedly verified the Account and continued to report the Account on Plaintiff's credit report and credit file as maintained by Experian as owed by Plaintiff personally with a balance due in an amount over $16,000.00.

67.     As of the date of this Complaint, Experian and Citibank continue to report the Citibank Account on Plaintiff's credit report and in Plaintiff's credit file as

a negative, derogatory, and adverse Account with a significant—and inaccurate—past-due balance.

## DAMAGES

68.     As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by Citibank if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

69.     Overall, Plaintiff suffered damage to his reputation as a result of Defendants' conduct.

70.     Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that he did not initiate or authorize the fraudulent charges, Plaintiff must simply endure Defendants' reporting of the Account and Citibank's efforts to collect a balance on the Account from Plaintiff.

71.     Plaintiff suffered headaches and loss of sleep as a result of Defendants' actions.

72.     Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to Citibank Only)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

73.     Citibank is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian, Equifax, and TransUnion delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

74.     As described above,  Plaintiff was not and is not personally liable for the Alleged Debt, because: (i) Plaintiff did not personally make the fraudulent Account charges; (ii) Plaintiff did not authorize any person to make charges on the Account or on Plaintiff's behalf; (iii) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account after January 2025; and (iv) Plaintiff completed a police report and FTC ID Theft Report in which he swore under penalty of perjury that these charges were not his.

75.     Despite Plaintiff not being responsible for the Alleged Debt, and despite Citibank receiving notice of Plaintiff's disputes from Plaintiff, Experian, Equifax, and TransUnion—including the information and documents referenced in the above

14

paragraph—Citibank willfully and/or negligently failed to request that Experian update the tradeline associated with the Account and continued to report derogatory, late payment information to Experian including significant balances due, as significantly past-due, and as charged off.

76.    Citibank's refusal to request that Experian update their reporting of the Account as Plaintiff requested was intentionally, willfully, and knowingly done as Citibank clearly possessed knowledge that the Alleged Debt was a result of identity theft and fraud.

77.    Citibank's re-investigations were not conducted in good faith.

78.    Citibank's re-investigations were not conducted reasonably.

79.    Citibank's re-investigations were not conducted using all information and documents reasonably available to Citibank.

80.    Citibank's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

81.    Citibank's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(As to Equifax and Experian Only)**

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

82.    Equifax and Experian are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

83.    Equifax and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports with respect to the Citibank Account.

84.    Specifically, despite Plaintiff *repeatedly* advising Equifax and Experian that Plaintiff did not make the fraudulent charges on the Account, did not authorize any other person to make charges on the Account in his name or on his behalf, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made on the Account—and therefore, the Alleged Debt balance on the Account was the result of identity theft and fraud—Experian and Equifax each continued to report the Account with a balance due, with a balance past-due, and with fraudulent derogatory payment history resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

16

85.    Further, Experian and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Experian and Equifax credit reports and credit files.

86.    Despite Plaintiff notifying Equifax and Experian of their reporting errors and providing documents in support of his disputes, Equifax and Experian and each continued to report the Account with a balance due, balance past-due, and charged off, and each subsequently published Plaintiff's credit reports to Plaintiff current creditors and/or potential future creditors including the inaccurately reported Account.

87.    Equifax's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

88.    Equifax's and Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*</u>**
**(As to Equifax and Experian Only)**

Plaintiff re-alleges paragraphs one (1) through seventy two (72) as if fully restated herein and further states as follows:

89.    Experian and Equifax are each subject to, and each violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

90.    Specifically, Equifax and Experian each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

91.    Equifax's and Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

92.    Equifax's and Experian's reinvestigations merely copied and relied upon the inaccurate information conveyed by Citibank.

93.    Equifax's, Experian's, and TransUnion's failure to review and reasonably consider all information received in Plaintiff's disputes—which clearly showed the alleged balance was created as a result of identity theft and fraud—was done in bad faith.

94.    Equifax's and Experian's reinvestigations were *per se* deficient by reason of these failures in Equifax's and Experian's reinvestigations of Plaintiff's disputes and the Account.

95.    Equifax's and Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### <u>VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1681c-2</u>
### <u>(As to Experian and Equifax only)</u>

Plaintiff re-alleges paragraphs one (1) through one seventy-two (72) as if fully restated herein and further states as follows:

96.    Experian and Equifax is subject to, violated the provisions of, 15 United States Code, Section 1681c-2 by failing to block information in Plaintiff's Experian and Equifax credit files that was identified by Plaintiff as information that resulted from an alleged identity theft within four (4) business days after receiving: (i) appropriate proof of Plaintiff's identity; (ii) a copy of an identity theft report; (iii) Plaintiff's identification of the information that resulted from identity theft and fraud; and (iv) a statement by Plaintiff that the disputed information is not information relating to any transaction by Plaintiff.

97.    Experian and Equifax willfully and/or negligently failed to block or

delete information disputed by Plaintiff resulting from identity theft and fraud.

98.    Specifically, through Plaintiff's dispute, Plaintiff provided Experian and Equifax with information sufficient for Experian and Equifax to corroborate Plaintiff's identity, such as his name, date of birth, last four of his social security number, and current address.

99.    Also, through Plaintiff's dispute, Plaintiff provided Experian and Equifax with copies of an identity theft report Plaintiff filed with the Federal Trade Commission which very clearly asserted that Plaintiff was the victim of identity theft and fraud and also a Clearwater Police Report.

100.    Further, Plaintiff's written dispute clearly advised Experian and Equifax that the derogatory information reported by Experian and Equifax on the Accounts purely resulted from identity theft and fraud.

101.    Moreover, Plaintiff's repeated written disputes clearly advised Experian and Equifax that Plaintiff did not authorize the transactions creating the Alleged Debt and did not benefit from the transactions in any manner.

102.    Despite Plaintiff *repeatedly* advising Experian and Equifax that Plaintiff did not initiate the Alleged Debt, did not authorize any other person to initiate in his name or on his behalf, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made—and therefore, the alleged debt was a result of identity theft and fraud—Experian and Equifax *repeatedly* failed to block the Accounts information disputed by Plaintiff within four (4) business days of Experian and Equifax receiving Plaintiff's disputes.

103. Instead, Experian and Equifax continued to report the alleged debts with either a balance due, with a balance past-due, or as charge off resulting in the Accounts being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

104. Notably and in addition, Plaintiff sent a copy of these disputes to Trans Union and Trans Union deleted the Account.

105. As of the date of this complaint, Experian has not deleted its reporting of the Account nor has Experian provided correspondence to Plaintiff that the matter has remedied.

106. Experian's and Equifax's violations of 15 United States Code Section 1681c-2, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT FIVE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)
### (as to Citibank only)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

107. Citibank is subject to, and violated the provisions of, Florida Statutes, Section 559.55(7) by collecting an alleged consumer debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

108.    Despite Plaintiff's efforts advising Citibank that the Alleged Balance was created as a result of identity theft and fraud, Citibank sent all former billing statements to Plaintiff in an attempt to collect the Alleged Debt from Plaintiff.

109.    Citibank's conduct served no purpose other than to abuse and harass Plaintiff into paying the Alleged Debt, leading Plaintiff to believe Citibank could and would continue to attempt to collect the Alleged Debt from Plaintiff until Plaintiff paid the Alleged Debt in full.

110.    Citibank's willful violation of, inter alia, the Florida Consumer Collection Practices Act as a means to collect the Alleged Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

111.    As a direct and proximate result of Citibank's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT SIX:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**
**(as to Citibank Only)**

Plaintiff re-alleges paragraphs one (1) through seventy two (72) as if fully restated herein and further states as follows:

112.    Citibank is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Alleged Debt with knowledge that the Alleged Debt is not legitimately owed by Plaintiff and by asserting the existence of a legal right that Citibank knows does not exist.

113.    Despite Plaintiff's efforts advising Citibank that the Alleged Balance was

created as a result of identity theft and fraud, Citibank sent all former billing statements to Plaintiff in an attempt to collect the Alleged Debt from Plaintiff.

114. Citibank's letters and calls constitute a direct attempt by Citibank to collect the Alleged Debt from Plaintiff.

115. Citibank does not possess the legal right to assert a balance owed on the Alleged Debt from Plaintiff or to assert that Citibank could and would continue to hold Plaintiff personally responsible for the amount owed on the Alleged Debt.

116. As such, Citibank attempted to collect the Alleged Debt—an amount known to be illegitimate—and asserted legal rights that do not exist in its communications with Plaintiff made in an attempt to collect the Alleged Debt.

117. As a direct and proximate result of Citibank's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Citibank, Equifax, and Experian, for maximum statutory damages for violations of the FCRA;

b. Judgment against Citibank declaring that Citibank violated the FCCPA;

c. Judgment enjoining Citibank from engaging in further conduct in violation of the FCCPA;

d. Judgment against Citibank for maximum statutory damages for

violations of the FCCPA;

      e.    Actual damages in an amount to be determined at trial;

      f.    Compensatory damages in an amount to be determined at trial;

      g.    Punitive damages in an amount to be determined at trial;

      h.    An award of attorney's fees and costs; and

      i.    Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

                    Respectfully submitted,

                    **SWIFT LAW PLLC**

                    */s/ Jon P. Dubbeld*
                    **Jon P. Dubbeld, Esq.**
                    11300 4th Street N., Suite 260
                    St. Petersburg, FL 33716
                    Phone: (727) 755-3676
                    Fax: (727) 255-5332
                    jdubbeld@swift-law.com
                    jmurphy@swift-law.com
                    *Counsel for Plaintiff*